19-450
Akassy v. Barr

BIA
Sagerman, IJ
A088 440 540

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:
>        DENNIS JACOBS,
>        JOSÉ A. CABRANES,
>        ROBERT D. SACK,
>             *Circuit Judges.*

_____

HUGUES DENVER AKASSY, AKA HUGUES AKASSY, AKA HUGUESDENVER AKASSY, AKA HUGUES DENVER AHUA AKASSY, AKA HUGUES DENVERS AHUA, AKA HUGUES DENVER AKASSY, AKA HUGUES-DENVER AKASSY,
>        *Petitioner,*

>        v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**19-450**

**NAC**

FOR PETITIONER:          Hugues Denver Akassy, pro se, Alden, NY.

**FOR RESPONDENT:**             Joseph H. Hunt, Assistant
                               Attorney General; Nancy E.
                               Friedman, Senior Litigation
                               Counsel; Brooke Marie Maurer,
                               Trial Attorney, Office of
                               Immigration Litigation, United
                               States Department of Justice,
                               Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hugues Denver Akassy, a native and citizen of the Ivory Coast, seeks review of a January 24, 2019, decision of the BIA affirming an August 28, 2018, decision of an Immigration Judge ("IJ") denying Akassy a continuance and relief under the Convention Against Torture ("CAT"). *In re Hugues Denver Akassy*, No. A088 440 540 (B.I.A. Jan. 24, 2019), *aff'g* No. A088 440 540 (Immig. Ct. Fishkill Aug. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction is limited to constitutional claims and

2

questions of law because Akassy is removable by reason of having been convicted of an aggravated felony.  *See* 8 U.S.C. § 1252(a)(2)(C), (D); *see also Ortiz-Franco v. Holder*, 782 F.3d 81, 91 (2d Cir. 2015).  We review such claims de novo. *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

The IJ's denial of a request for a continuance does not ordinarily implicate a constitutional claim or question of law over which the Court retains jurisdiction because "IJs are accorded wide latitude in calendar management," and we review such decisions "under a highly deferential standard of abuse of discretion."  *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).  The IJ did not err in denying continuances pending resolution of Akassy's state habeas petition because the convictions underlying his removal order were final for immigration purposes despite his pending petition.  *See Montilla v. INS*, 926 F.2d 162, 164 (2d Cir. 1991); *Matter of J.M. Acosta*, 27 I. & N. Dec. 420, 432 (BIA 2018); *In re Ponce De Leon-Ruiz*, 21 I. & N. Dec. 154, 157 (BIA 1996).

We do not consider Akassy's CAT claim because he does not raise it in his brief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>